Tuiiley, J.
delivered the opinion of the court.
The complainant purchased a tract of land from one William B. Nelson, for which he executed his note for the sum of six hundred-dollars, due and payable about the 1st day of July, 1829. This note was assigned by Nelson to the defendants, Hannum and Drane, before it became due, at a discount of one-third, or at the rate of sixty-six and two-thirds of a cent in the dollar. Nelson had no title to the land, and complainant has been evicted by the true owners. The defendants obtained judgment on the note, and this bill is filed to enjoin its collection. The bill charges, that Han-num and Drane, at the time they purchased the note, had full knowledge of the failure of the consideration.
The bill is taken for confessed against Hannum, but Drane answers, and denies explicitly, that, at the time of the purchase, either he or his partner, had any knowledge that the consideration of the note had failed, or that they "even knew what it purported to have been; he says that after the note fell due, complainant was written to upon the subject of its payment, and that he wrote a letter in reply which is exhibited promising to pay and requesting indulgence, which was granted for several months.
It is very obvious from the letters of complainant to the defendants, that he, himself, was not aware of the-failure of consideration of the note, when it fell due, and there can be but little pretence, for supposing that either Drane or Hannum could have acquired the. information sooner than himself. Drane denies it most positively, and there is no proof to the contrary. But it is contended, that as Hannum has not answered the bill,' but permitted it to be taken as confessed, he is thereby fixed with notice, it being charged in *105 the bill, that notice to one co-partner or joint purchaser, is notice to the other, and that Drane is estopped from denying or proving the want of it on his part. To sustain this position would he to do Drane great injustice. This partnership has long since been dissolved, and in distribution of the effects, the' note in dispute fell to his share; he has no power to compel his former partner to answer; where he may be, and whether he has ever had actual notice of the filing of the bill, are wholly unknown to the court; under these circumstances, we say, to hold that a constructive admission of the fact, shall estop his co-defendant, Drane, for urging and proving the truth, would be doing him great injustice.
The question, however, has pot been without difficulties; but we have the satisfaction of knowing, that it has been settled .consonant with what, webelieve, to be justice,by the court of errors in the State of New York. In the case of Clason vs. Morris, 10 Johnson Rep. 524, it was held, after a laborious investigation, that where a bill in chancery is filed against two defendants, jointly interested, and the bill is taken pro confesso,-against one for want of appearance, and the other appears and disproves the plaintiff’s cáse, the bill will be dismissed as to both defendants. It is true there was contrariety of opinion among the members of the court, but we think the majority weré right, and chose to follow the case. We, therefore, dismiss the complainant’s bill, but will not give a decree for the full amount of the note and interest, but only the amount actually paid by the defendants, namely, sixty-six and two-thirds cents in the dollar, with interest thereon from the date of its payment, because we believe that it is only a negotiation of the note in the course of trade for that amount, which we have repeatedly held is the only thing which will protect an endorser of negotiable paper against an equitable defence on the part of the maker, and because, we believe the defendants ought not, in good conscience,"to ask to be permitted to make a specula-' tion out of a note situated as this is. Decree accordingly.